IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| KELVIN J. ROBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 415-203 |
| | ) | |
| UNITED STATES MAGISTRATE JUDGE | ) | |
| GEORGE R. SMITH; ALDERMAN VAN | ) | |
| JOHNSON; and | ) | |
| MAYOR EDNA JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff Kelvin J. Robbins originally filed this case in the State Court of Chatham County. The United States of America, on behalf of United States Magistrate Judge George R. Smith, and with the consent of Alderman Van Johnson and Mayor Edna Jackson, removed the case to federal court, and all parties moved to dismiss the case. (Doc. nos. 5, 6.) In response, Plaintiff requested a hearing. (Doc. no. 8.) The United States of America also moved to be substituted as a Defendant in place of Magistrate Judge Smith. (Doc. no. 4.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to substitute be **GRANTED**, the request for a hearing be **DENIED**, the motions to dismiss be **GRANTED**, judgment be **ENTERED** against Plaintiff, and this case be **CLOSED**.

## I. BACKGROUND

Plaintiff is well-known to this Court as an "out-of-control serial filer." Robbins v. Universal Music Group, MC 415-001, doc. no. 1, p. 1 (S.D. Ga. Jan. 13, 2015). Indeed, United States District Judge William T. Moore, Jr., has ordered the automatic dismissal of any future civil action Plaintiff seeks to file *in forma pauperis* in this Court after thirty days unless Judge Moore specifically authorizes the filing. See id. at 2-4. In what appears to be an attempt to avoid the reach of Judge Moore's Order, Plaintiff filed the present case in State Court.

The mechanism by which Plaintiff commenced this case in State Court is a "Motion for Hearing." (Doc. no. 1, Ex. A, p. 1.) This one page filing states, in its entirety, "Motion for Hearing – This should not take long @ all! Please grant ASAP within 7 days! I'm owed Money! & Property!" (Id.) The single page filing also bears a case caption and Plaintiff's signature, and Plaintiff attached a Certificate of Service indicating he served the paper on himself. (Id.) On the Civil Case Filing Information Form provided by the State Court, Plaintiff checked that this is a Personal Property case, as well as a tort case involving an "Auto Accident, Premises Liability, Medical Malpractice, Other Professional Negligence, and Product Liability." (Id. at 4.) There are no factual allegations in support of any claim against any of the three named Defendants.

## II. DISCUSSION

### A. Motion to Substitute Parties

Plaintiff alleges he is owed money and property because of unspecified wrongful acts of Defendants, including Magistrate Judge Smith. The Federal Tort Claims Act, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, provides

2

that a suit against the United States of America is the exclusive remedy for those injured by the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment. Nadler v. Mann, 951 F.2d 301, 302-03 (11th Cir. 1992) (citing 28 U.S.C. §§ 1346(b), 2671-80). Upon certification by the Attorney General that a federal employee was acting within the scope of his office or employment at the time of the events forming the basis for the lawsuit, the United States of America shall be substituted for the individual employee as the defendant. Id. at 304. Certification authority has been delegated by the Attorney General to the United States Attorneys. 28 C.F.R. § 15.4.

Here, Edward J. Tarver, the United States Attorney for the Southern District of Georgia, has certified that Magistrate Judge Smith was acting within the scope of his federal office or employment at the time of the events forming the basis for this lawsuit. (Doc. no. 4, Ex. A.) Accordingly, the caption should be amended to reflect the substitution of the United States of America as a Defendant in place of United States Magistrate Judge George R. Smith.

**B. Plaintiff's State Court Filing Is Not a Complaint and Should Be Dismissed.**

A claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

3

accusation." Id. In particular, Rule 8(a) requires a "short and plan statement" setting forth (1) the Court's jurisdiction, (2) the grounds for relief, and (3) a demand for the relief sought. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). With these principles in mind, the Court turns its attention to the instant motions to dismiss.

Plaintiff's Motion for Hearing is not a complaint, as it makes no factual allegations. Although it demands money and property, there is absolutely no explanation of the Court's jurisdiction or the grounds for relief. As such, the pleading does not satisfy the three requirements of Rule 8(a) and utterly fails to satisfy the plausibility standard. See Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. An initial filing which fails to address all three prongs of Rule 8(a) does not satisfy the pleading requirements necessary for commencement of a civil action. Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993).

Nor can the Court ignore Plaintiff's obvious ploy to avoid Judge Moore's Order barring him from continuing to file frivolous lawsuits. In the "Motion for Hearing & the Rezions's Y & Notice of Removal" filed after Defendants moved to dismiss, (doc. no. 8), Plaintiff references yet another copyright infringement case that he recently attempted to file. See Robbins, MC 415-001, doc. no. 20 (S.D. Ga. July 13, 2015) (filing entitled Robbins v. Universal Music Group, Kelly Rowland, and Frederick William Kramer).

Plaintiff suggests that blocked copyright infringement case "be removed to this case herein." (Doc. no. 8, p. 1.) Plaintiff offers no relevant information regarding the case at hand, arguing only that a hearing "will be a good cause to fix this ongoing" problem with the multitude of entities and individuals he has accused of copyright infringement. (Id.) In his

4

combination reply in support of his request for a hearing and response to the motions to dismiss, Plaintiff requests a hearing "because of the lack of knowleg (sic) & understanding of God." (Doc. no. 13.) He provides no factual support for his claims against any Defendant, promising only that he will "prove it @ the hearing." (Id.)

In the absence of *any* factual allegation raised against any of the three Defendants such that it might be apparent why any Defendant is liable to Plaintiff for the money and property he demands, the motions to dismiss should be **GRANTED**. Likewise, the second motion for a hearing he filed after the case was removed to this Court should be **DENIED**. (Doc. no. 8.)

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion for substitution be **GRANTED** (doc. no. 4), the United States of America be **SUBSTITUTED** as a Defendant in place of Magistrate Judge Smith, Plaintiff's "Motion for Hearing & the Rezions's Y & Notice of Removal" be **DENIED** (doc. no. 8), the motions to dismiss be **GRANTED** (doc. nos. 5, 6), judgment be **ENTERED** against Plaintiff, and this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of August, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA